Justin S. Hepworth (Utah Bar No. 18205)
CLYDE & CO US LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas NV  89128
Telephone: 725-248-2900
justin.hepworth@clydeco.us

Jordan M. Quick (Bar No. 16719)
Clyde & Co US LLP
1099 18th Street, Suite 2220
Denver, CO 80202
Phone: 303-301-8950
jordan.quick@clydeco.us

*Attorneys for Plaintiff*
*Selective Insurance Company of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>REVERE HEALTH PC dba CENTRAL UTAH CLINIC PC, a Utah Corporation, and JOHNNY NAKAI, a Utah resident,<br><br>Defendants. | **Case No.:** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Selective Insurance Company of America ("Selective"), by and through the

undersigned counsel, files this Complaint for Declaratory Relief against Defendants Revere Health

PC dba Central Utah Clinic PC ("Revere") and Johnny Nakai ("Nakai"), and alleges as follows.

## INTRODUCTION

1.    This is an action seeking declaratory relief regarding the parties' rights and obligations under a commercial general liability policy that was issued by Selective to Revere.

2.    Nakai has asserted claims against Revere relating to an alleged August 11, 2024 data breach to Revere's network and seeks actual, nominal and consequential damages, as well as certain injunctive relief, for Revere's alleged negligence and breach of an implied contract in allowing the data breach to occur and has further sought class certification of his complaint (the "Underlying Claim").

3.    Selective seeks a declaration that it does not have any obligation to defend or indemnify Revere with respect to the Underlying Claim or any other claims by Nakai, or any prospective class member, against Revere arising out the alleged data breach event giving rise to his/their purported damages.

## THE PARTIES

4.    Selective is a New Jersey corporation with its principal place of business in Branchville, New Jersey.

5.    Upon information and belief, Defendant Revere is a Utah corporation with its principal place of business located in Provo, Utah.

6.    Upon information and belief, Defendant Nakai is a resident of the State of Utah.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000.00).

8.      This action is brought pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, which provides for this Court to adjudicate a party's rights and other legal remedies in an actual controversy.

9.      Venue is proper in the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this suit occurred within the State of Utah.

## GENERAL ALLEGATIONS

### The Underlying Lawsuit

10.     On or about November 20, 2025, Nakai initiated a civil action in the Fourth Judicial District Court, Utah County, Utah, captioned *Johnny Nakai, individually, and on behalf of all other similarly situated v Revere Health PC*, Case No. 250405804 (the "Underlying Lawsuit"). A copy of the complaint filed in the Underlying Lawsuit (the "Underlying Complaint") is attached as **Exhibit 1**.

11.     In the Underlying Complaint, Nakai alleges that, on August 11, 2025, cybercriminals hacked Revere's network and obtained access to thousands of people's private information (the "Data Breach") in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule (45 CFR, Part 160 and Parts A and E of Part 164), the HIPAA Security Rule (45 CFR Part 160 and Subparts A and C of Part 164) and other relevant standards.

12.     Nakai further alleges in the Underlying Complaint that Revere failed to timely notify Nakai of the Data Breach.

13. In the Underlying Complaint, Nakai further alleges Revere disregarded the rights of Nakai and prospective class members by intentionally, willfully, recklessly and/or negligently failing to take and implement adequate and reasonable measures to ensure that Nakai's and prospective class members' protected health information and personally identifiable information were safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use.

14. It is further alleged by Nakai in the Underlying Complaint that, as a result of Revere's alleged failures, Nakai and prospective class members' private information was "compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party seeking to profit off this disclosure by defrauding Representative Plaintiff and Class Members in the future."

15. Revere is the Named Insured under Commercial General Liability Policy Number S2571846 issued by Selective with effective dates of September 25, 2025, to January 1, 2027 (the "Policy"). A copy of the Policy is attached as **Exhibit 2**.

16. Revere tendered the Underlying Claim and Lawsuit to Selective for coverage under the Policy requesting a defense and indemnification relating to the Underlying Claim and Lawsuit.

17. By letter dated February 27, 2026, Selective accepted the tender and agreed to defend Revere against the allegations in the Underlying Lawsuit subject to a reservation of rights, including the right to file this Complaint for Declaratory Relief and to seek reimbursement of defense costs. A copy of the reservation of rights letter is attached as **Exhibit 3**.

18. Selective thereafter retained attorney Ryan P. Atkinson with the law firm of Strong & Hanni PC to defend Revere in the Underlying Lawsuit.

19. Selective continuously complied with its obligations under the Policy.

## The Policy's Terms

20. The Policy first went into effect on September 25, 2025. Exhibit 2.

21. This Policy was the first commercial general liability policy issued by Selective to Revere.

22. There was no policy issued by Selective to Revere in effect on August 11, 2025.

23. Subject to its terms, provisions, exclusions, conditions, limitations, declarations, and endorsements, the Policy provides the following bodily injury and property damage liability coverage:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2) The "bodily injury" or "property damage" occurs during the policy period; and
(3) Prior to the policy period, no insured listed under Paragraph **1.** Of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that

> the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Policy (Ex. 2).

24.    The Policy has the following exclusion to Coverage A - Bodily Injury and Property Damage Liability:

> **2.  Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **p.  Access Or Disclosure Of Confidential Or Personal Information And Data related Liability**
>
> Damages arising out of:
>
> (1)  Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
>
> (2)  The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.
>
> However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury".
>
> As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.
>
> ***

Policy (Ex. 2), as amended by the Exclusion – Access or Disclosure of Confidential or Personal

Information and Data-Related Liability – with Limited Bodily Injury Exception, Form CG 21 06

05 14.

25.     The Policy has the following exclusion to Coverage A - Bodily Injury and Property

Damage Liability:

**2.  Exclusions**

This insurance does not apply to:

\*\*\*

**q.  Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage' arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the       printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\*\*\*

Policy (Ex. 2).

26.     The Policy has the following exclusion to Coverage A - Bodily Injury and Property

Damage Liability:

**2.  Exclusions**

This insurance does not apply to:

*\*\**

**Violation Of Law Addressing Data Privacy**

"Bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of:

1.  Any action or omission that violates or is alleged to violate any current or future federal, state or local statute, ordinance, regulation, common law or other law that addresses, prohibits, or limits access to, use of or the recording, printing, dissemination, distribution, disclosure, obtaining, collecting, capturing, possessing, storing, protecting, safeguarding, retention, sending, transmitting, communicating,releasing, destruction,   disposal, selling,        leasing, purchasing or trading of any other types for profit,        of any person's or organization's confidential or personal material or information including financial,   health,"biometric information"  or other nonpublic material or information, including but not limited to:

    a.  The Illinois Biometric Information Privacy Act (BIPA), including any amendment of or addition to such law; or
    b.  The California Consumer Privacy Act (CCPA), including any amendment of or addition to such law; or

2.  Any law of a jurisdiction other than the United States of America (including its territories and possessions) or Puerto Rico that is similar to any statute, ordinance, regulation, common law or other law described in Paragraph **1\*** above, including but not limited to the European Union's General Data Protection Regulation.

    Paragraphs **1.** and **2.** above include the violation of any policies or practices enacted in support of such laws as well as violations of any subsequent rules or regulations promulgated thereunder.

Policy (Ex. 2), as amended by the Exclusion – Violation of Law Addressing Data Privacy (Including Biometric Information), Form CG 80 64 09 23.

27.    The Policy also provides:

**SECTION I – COVERAGES**
**COVERAGE B — PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**
    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance

applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\*\*\*

Policy (Ex. 2).

28. The Policy has the following exclusion to Coverage B – Personal and Advertising Injury Liability:

**2. Exclusions**

This insurance does not apply to:

\*\*\*

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the        printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\*\*\*

Policy (Ex. 2).

29. The Policy has the following exclusion to Coverage B – Personal and Advertising Injury Liability;

**2. Exclusions**

This insurance does not apply to:

\*\*\*

**Access Or Disclosure Of Confidential Or Personal Information**
"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

\*\*\*

Policy (Ex. 2), as amended by the Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – with Limited Bodily Injury Exception, Form CG 21 06 05 14.

30.     The Policy has the following exclusion to Coverage B – Personal and Advertising Injury Liability;

**2. Exclusions**

This insurance does not apply to:

\*\*\*

**Violation Of Law Addressing Data Privacy**

"Bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of:

**1.** Any action or omission that violates or is alleged to violate any current or future federal, state or local statute, ordinance, regulation, common law or other law that addresses, prohibits, or limits access to, use of or the recording, printing, dissemination, distribution, disclosure, obtaining, collecting, capturing, possessing, storing, protecting, safeguarding, retention, sending, transmitting, communicating,releasing, destruction,  disposal, selling,        leasing, purchasing or trading of any other types for profit,        of any person's or organization's confidential or personal material or information including financial, health,"biometric information" or other nonpublic material or information, including but not limited to:

    **a.** The Illinois Biometric Information Privacy Act (BIPA), including any amendment of or addition to such law; or

    **b.** The California Consumer Privacy Act (CCPA), including any amendment of or addition to such law; or

**2.** Any law of a jurisdiction other than the United States of America (including its territories and possessions) or Puerto Rico that is similar to any statute, ordinance, regulation, common law or other law described in Paragraph **1***** above, including but not limited to the European Union's General Data Protection Regulation.

Paragraphs **1.** and **2.** above include the violation of any policies or practices enacted in support of such laws as well as violations of any subsequent rules or regulations promulgated thereunder.

***

Policy (Ex. 2), as amended by the Exclusion – Violation of Law Addressing Data Privacy (Including Biometric Information), Form CG 80 64 09 23.

31. The Policy has the following applicable definitions:

**SECTION V – DEFINITIONS**

* * *

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*\*\*

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\*\*\*

"Biometric information" means:

**1.** Any biometric identifier including but not limited to retina or iris scan, fingerprint, voiceprint or scan of hand or face geometry; or

**2.** Any information, regardless of how it is captured, converted, stored or shared, based on an individual's biometric identifier used to identify an individual.

\*\*\*

Policy (Ex. 2), as amended by the Exclusion – Violation of Law Addressing Data Privacy (Including Biometric Information), Form CG 80 64 09 23.

32.    The Policy also provides:

**SECTION III — LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:
    a.  Insureds;
    b.  Claims made or "suits" brought; or
    c.  Persons or organizations making claims or bringing "suits".

Policy (Ex. 2).

33.    Under the Commercial Umbrella Liability Coverage Part, the Policy also provides:

**COMMERCIAL UMBRELLA LIABLITY COVERAGE**

\*\*\*

**SECTION I — COVERAGES**

**A. Insuring Agreement**

**1.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. …

\*\*\*

**2.** This insurance applies to "bodily injury", or "property damage" only if:
   a. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
   b. The "bodily injury" or "property damage" occurs during the policy period …

\*\*\*

**6.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\*\*\*

**B. Exclusions**
This insurance does not apply to:

\*\*\*

**14. Personal and Advertising Injury**

\*\*\*

   **c. Material Published Prior To Policy Period**

   "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period. All "personal and advertising injury" arising out of publication of the same or similar material subsequent to the beginning of the policy period is also excluded.

\*\*\*

**SECTION IV — CONDITIONS**

\*\*\*

**F.  Loss Payable**
Liability under this Coverage Part shall not apply unless and until the insured or insured's "underlying insurer" has become obligated to pay the "retained limit". Such obligation by the insured to pay part of the "ultimate net loss" shall have been previously determined by a final settlement or judgement after an actual trial or written agreement between the insured, claimant and us.

\*\*\*

**SECTION V — DEFINITIONS**

\*\*\*

**18.**   "Retained limit" means the greater of:
  **a.** The total of the limits as shown in the Declarations for the coverage(s) in question, and the limits of any other insurance not shown in the declarations that is valid and collectible; or
  **b.** The limit shown in the Declarations as the "self-retained limit".

However, "retained limit" does not mean any "sub-limit".

\*\*\*

34.     The Policy also contains an endorsement titled Commercial Umbrella Liability 2015 Changes, Form CXL 462 11 15, which provides in relevant part:

This   endorsement   modifies   insurance   provided   under   the   following:

COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM
\*\*\*
Subparagraphs **b.** and **c.** under **14. Personal and Advertising Injury** of **SECTION I — COVERAGES, B. Exclusions** are replaced by the following:

This insurance does not apply to:

**b.  Material Published With Knowledge Of Falsity**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.  Material Published Prior To Policy Period**
"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\*\*\*

The following is added to **SECTION I — COVERAGES, B. Exclusions:**

**Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

This insurance does not apply to:

(1) Damages because of "bodily injury", "property damage" or "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
(2) Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

The following is added to **SECTION I — COVERAGES, B. Exclusions: Recording And Distribution Of Material Or Information In Violation Of Law**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

***

**An Actual and Justiciable Controversy Exists**

35.    The rights and obligations of Selective, Revere and Nakai are affected by the terms and conditions of the Policy at issue and Utah law.

36.    Thus, an actual and justiciable controversy exists among Selective, Revere and Nakai concerning the parties' rights and obligations under the Policy with respect to the Underlying Claim and Lawsuit.

37.    By reason of the foregoing, a declaratory judgment is both necessary and proper to set forth and determine the rights, obligations, and liabilities that exist pursuant to the Primary Policy with respect to the Underlying Claim and Lawsuit.

**COUNT I**
**DECLARATORY JUDGMENT**
**(Coverage under the Policy has not been triggered for Coverage A)**

38.    Selective incorporates Paragraphs 1 through 37 of the Complaint as though fully set forth and stated herein.

39.    The Underlying Claim and Lawsuit allege the occurrence of a Data Breach on August 11, 2025, prior to the effective date of the Policy.

40.    The Underlying Claim and Lawsuit fail to allege any "bodily injury" or "property damage" as defined by the Policy.

41.    Because the Underlying Claim and Lawsuit allege the occurrence of a Data Breach on August 11, 2025, prior to the effective date of the Policy, no coverage has been triggered under Coverage A of the Policy.

42.     Because the Underlying Claim and Lawsuit fail to allege any "bodily injury" or "property damage" as defined by the Policy, no coverage has been triggered under Coverage A of the Policy.

43.     Because the Policy does not afford coverage for the Underlying Claim and Lawsuit, Selective has no obligation to defend or indemnify Revere in the Underlying Lawsuit and may withdraw its defense.

## COUNT II
## DECLARATORY JUDGMENT
**(Coverage is excluded under Coverage A)**

44.     Selective incorporates Paragraphs 1 through 43 of the Complaint as though fully set forth and stated herein.

45.     The Underlying Claim and Lawsuit allege damages arising out of access to or disclosure of a person's personal health and nonpublic information.

46.     The Underlying Claim and Lawsuit allege damages arising directly or indirectly out of an alleged action or omission that violates or is alleged to violate federal or state ordinances or regulations that address, prohibit, or limit the dissemination, communicating or distribution of material or information.

47.     The Underlying Claim and Lawsuit allege damages arising directly or indirectly out of an alleged action or omission that violates or is alleged to violate a current federal, state or local statute, regulation, common law or other law that addresses, prohibits, or limits access to, use of or the dissemination, distribution, disclosure, storing, protecting, safeguarding, retention, sending, transmitting, communicating, or releasing of any person's confidential or personal health and nonpublic information.

48. Because the Underlying Claim and Lawsuit allege damages arising out of:

   a. access to or disclosure of a person's personal health and nonpublic information,

   b. an alleged action or omission that is violates or is alleged to violate federal or state ordinances or regulations that address, prohibit, or limit the dissemination, communicating or distribution of material or information, and/or

   c. an alleged action or omission that violates or is alleged to violate a current federal, state or local statute, regulation, common law or other law that addresses, prohibits, or limits access to, use of or the dissemination, distribution, disclosure, storing, protecting, safeguarding, retention, sending, transmitting, communicating, or releasing of any person's confidential or personal health and nonpublic information,

the exclusions preclude coverage under the Policy's Coverage A. (Ex. 2, Exclusions 2.p., Exclusion 2.q, Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – with Limited Bodily Injury Exception, Form CG 21 06 05 14, and Exclusion – Violation of Law Addressing Data Privacy (Including Biometric Information), Form CG 80 64 09 23).

49. Because the Policy does not afford coverage for the Underlying Claim, Selective has no obligation to defend or indemnify Revere in the Underlying Lawsuit and may withdraw its defense.

50. Because the Policy does not afford coverage for the Underlying Claim, Selective is not obligated to indemnify Revere for any judgment arising out of the Underlying Lawsuit.

**COUNT III**
**DECLARATORY JUDGMENT**
**(Coverage under the Policy has not been triggered for Coverage B)**

51. Selective incorporates Paragraphs 1 through 50 of the Complaint as though fully set forth and stated herein.

52.    The Insuring Agreement for Coverage B provides the Policy applies to "personal and advertising injury" only if the offense was committed during the policy period.

53.    The Underlying Claim and Lawsuit allege the occurrence of a Data Breach on August 11, 2025, prior to the effective date of the Policy.

54.    The alleged "personal and advertising injury" offense by Revere was its allowance of the Data Breach on August 11, 2025, prior to the effective date of the Policy.

55.    Because the Underlying Claim and Lawsuit allege an offense occurring prior to the inception of the Policy, no coverage has been triggered under Coverage B of the Policy.

56.    Because the Policy does not afford coverage for the Underlying Claim, Selective has no obligation to defend or indemnify Revere in the Underlying Lawsuit and may withdraw its defense.

57.    Because the Policy does not afford coverage for the Underlying Claim, Selective is not obligated to indemnify Revere for any judgment arising out of the Underlying Lawsuit.

**COUNT IV**
**DECLARATORY JUDGMENT**
**(Coverage is excluded under Coverage B)**

58.    Selective incorporates Paragraphs 1 through 57 of the Complaint as though fully set forth and stated herein.

59.    The Underlying Claim and Lawsuit allege damages arising out of access to or disclosure of a person's personal health and nonpublic information.

60.    The Underlying Claim and Lawsuit allege damages arising directly or indirectly out of an alleged action or omission that is violates or is alleged to violate federal or state

ordinances or regulations that address, prohibit, or limit the dissemination, communicating or distribution of material or information.

61.     The Underlying Claim and Lawsuit allege damages arising directly or indirectly out of an alleged action or omission that violates or is alleged to violate a current federal, state or local statute, regulation, common law or other law that addresses, prohibits, or limits access to, use of or the dissemination, distribution, disclosure, storing, protecting, safeguarding, retention, sending, transmitting, communicating, or releasing of any person's confidential or personal health and nonpublic information.

62.     Because the Underlying Claim and Lawsuit allege damages arising out of:

   a. access to or disclosure of a person's personal health and nonpublic information,

   b. an alleged action or omission that is violates or is alleged to violate federal or state ordinances or regulations that address, prohibit, or limit the dissemination, communicating or distribution of material or information, and/or

   c. an alleged action or omission that violates or is alleged to violate a current federal, state or local statute, regulation, common law or other law that addresses, prohibits, or limits access to, use of or the dissemination, distribution, disclosure, storing, protecting, safeguarding, retention, sending, transmitting, communicating, or releasing of any person's confidential or personal health and nonpublic information,

the exclusions preclude coverage under the Policy's Coverage B. (Ex. 2, Exclusions 2.p., Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – with Limited Bodily Injury Exception, Form CG 21 06 05 14, and Exclusion – Violation of Law Addressing Data Privacy (Including Biometric Information), Form CG 80 64 09 23).

63.     Because the Policy does not afford coverage for the Underlying Claim, Selective has no obligation to defend or indemnify Revere in the Underlying Lawsuit and may withdraw its defense.

64.     Because the Policy does not afford coverage for the Underlying Claim, Selective is not obligated to indemnify Revere for any judgment arising out of the Underlying Lawsuit.

**COUNT V**
**DECLARATORY JUDGMENT**
**(Any coverage is limited to a single per occurrence limit)**

65.     Selective incorporates Paragraphs 1 through 64 of the Complaint as though fully set forth and stated herein.

66.     Even if the Policy somehow provided coverage for the Underlying Claim and Lawsuit (which is expressly denied), coverage under the Policy is limited to a single, $1,000,000 per occurrence limit of liability, regardless of the number of claims, claimants, or suits brought.

**COUNT VI**
**DECLARATORY JUDGMENT**
**(No umbrella coverage exists)**

67.     Selective incorporates Paragraphs 1 through 66 of the Complaint as though fully set forth and stated herein.

68.     The Umbrella Liability Coverage Part provides coverage in excess of the retained limit for damages because of "bodily injury" or "property damage" occurring during the policy period, and "personal and advertising injury" caused by an offense committed during the policy period. (Paragraph 33, *supra*).

69.     The Underlying Claim and Lawsuit allege the occurrence of a Data Breach on August 11, 2025, prior to the effective date of the Policy.

70.     The Underlying Claim and Lawsuit fail to allege any "bodily injury" or "property damage" as defined by the Policy.

71.     The Underlying Claim and Lawsuit fail to allege the occurrence of any "bodily injury" or "property damage" during the policy period.

72.     The Underlying Claim and Lawsuit fail to allege the commission of an offense during the policy period.

73,     Because the Underlying Claim and Lawsuit fail to allege any "bodily injury" or "property damage", or the commission of an offense during the policy period, no coverage has been triggered under the Umbrella Liability Coverage Part of the Policy.

74.     The Umbrella Liability Coverage Part also excludes coverage for any "Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period. (Paragraph 33 and 34, *supra*).

75.     The first publication of material was the Data Breach on August 11, 2025, prior to the effective date of the Policy.

76.     The Umbrella Liability Coverage Part also excludes coverage for damages arising out of any access to or disclosure of any person's or organization's confidential or personal information, including, health information or any other type of nonpublic information. (Paragraph 34, *supra*).

77.     Because the Underlying Claim and Lawsuit allege damages arising out of access to or disclosure of a person's personal health and nonpublic information, the exclusions preclude coverage under the Policy's Umbrella Liability Coverage Part.

78.     Because the Policy does not afford coverage for the Underlying Claim and Lawsuit, Selective has no obligation to defend or indemnify Revere in the Underlying Lawsuit and may withdraw its defense.

79.     Because the Policy does not afford coverage for the Underlying Claim, Selective is not obligated to indemnify Revere for any judgment arising out of the Underlying Lawsuit.

## COUNT VII
## UNJUST ENRICHMENT
### (Reimbursement of defense expenses against Revere)

80.     Selective incorporates Paragraphs 1 through 79 of the Complaint as though fully set forth and stated herein.

81.     The Policy's Insuring Agreements provide Selective will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.

82.     As detailed above, the Policy does not provide coverage for the Underlying Claim.

83.     Because there is no coverage for the Underlying Claim under the Policy, there was no duty to defend Revere against the Underlying Claim or the Underlying Lawsuit.

84.     Selective nevertheless provided Revere with a defense against the Underlying Lawsuit subject to a reservation of rights, including the right to seek reimbursement of any expense incurred in providing such a defense.

85.     By defending Revere in the Underlying Lawsuit, Selective has conferred a benefit upon Revere.

86.     Revere appreciated, accepted, and retained the benefit of the defense provided by Selective subject to the reservation of rights.

87.     Under such circumstances, where coverage was not afforded under the Policy but Selective provided a defense subject to a reservation of rights including the right to seek reimbursement, it would be inequitable for Revere to retain the benefit of said defense.

**PRAYER FOR RELIEF**

WHEREFORE, Selective respectfully request this Court enter judgment in favor of Selective and against Defendants as follows:

A.      Declaring coverage has not been triggered under Coverage A of the Policy by the Underlying Claim and the Underlying Lawsuit.

B.      Declaring coverage has not been triggered under Coverage B of the Policy by the Underlying Claim and the Underlying Lawsuit.

C.      Declaring that, even if coverage was possibly triggered under Coverage A or Coverage B, coverage is excluded under the Policy for the Underlying Claim and the Underlying Lawsuit by Coverage A, Exclusions 2.p. and 2.q., Coverage B, Exclusion 2.p, Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – with Limited Bodily Injury Exception, Form CG 21 06 05 14, and Exclusion – Violation of Law Addressing Data Privacy (Including Biometric Information), Form CG 80 64 09 23.

D.      Declaring that coverage has not been triggered under the Umbrella Liability Coverage Part of the Policy.

E.      Declaring that, even if coverage could possibly be triggered under the Umbrella Liability Coverage Part, coverage is excluded under the Policy for the Underlying Claim and the Underlying Lawsuit.

F.      Declaring Selective is relieved of any obligation under the Policy relating to the Underlying Claim or the Underlying Lawsuit.

G.      Declaring Selective is not obligated to defend Revere under the Primary Policy against the claims asserted in the Underlying Lawsuit.

H.      Declaring Selective is not obligated to indemnify Revere or Nakai under the Policy for any judgment arising out of the Underlying Lawsuit.

I.      Declaring, alternatively, if coverage is afforded for the Underlying Claim (which is expressly denied), coverage under the Policy is limited to a single, $1,000,000 per occurrence limit of liability, regardless of the number of claims, claimants, or suits brought.

J.      The reimbursement of all defense costs and expenses expended by Selective in the defense of Revere in the Underlying lawsuit.

K.      For an award of costs and fees incurred in this matter, and such other further relief as the Court deems just and proper.

Respectfully submitted this 20th day of March 2026.

CLYDE & CO US LLP

*/s/ Justin S. Hepworth*
Justin S. Hepworth
Jordan M. Quick

**Attorney for Selective Insurance Company of America**